UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| SAMUEL D. ROSEN, GRANTOR; TRUSTEE OF THE SAMUEL D. ROSEN, 2006 TRUST,<br><br>Plaintiffs,<br><br>-against-<br><br>THE STATE OF FLORIDA, et al.,<br><br>Defendants. | 22-CV-6938 (LTS)<br><br>ORDER DIRECTING PAYMENT OF FEE OR IFP APPLICATION |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Samuel Rosen, who is an attorney, proceeds *pro se*.[1] To proceed with a civil action in this Court, a plaintiff must either pay $402.00 in fees – a $350.00 filing fee plus a $52.00 administrative fee – or, to request authorization to proceed without prepayment of fees, submit a signed *in forma pauperis* application. *See* 28 U.S.C. §§ 1914, 1915. Plaintiff Rosen submitted a personal check with the complaint but the check was deficient.

The $402.00 filing fee is generally payable by certified bank check or money order, made out to "Clerk of Court, SDNY," and mailed to: Cashiers Unit – Room 260, 500 Pearl Street, New York, NY 10007. Plaintiff's docket number, 22-CV-6938 (LTS), must be included on the certified check or money order. Alternatively, payment can be made in person by credit card or cash. In addition, wiring instructions are available upon request.

An active attorney who is admitted to practice in this Court can pay with a personal check if the check includes an address, is made out to "Clerk of Court, SDNY," and bears the docket

---

[1] It is unclear from the caption of the complaint whether the intended Plaintiff is "Samuel D. Rosen, Grantor and Trustee of the Samuel D. Rosen 2006 Trust," or whether there are two intended plaintiffs "Samuel D. Rosen, Grantor," and "Trustee of the Samuel D. Rosen 2006 Trust." Plaintiff indicates in the captions that there are "Plaintiffs" and the Clerk has opened this action on the docket with the latter two plaintiffs.

number of the action. Here, Plaintiff's personal check could not be accepted, among other reasons, because it was drawn on the account of the Samuel D. Rosen 2006 Trust, rather than an account in the name of an active attorney.

The Court therefore directs the Clerk of Court to return the deficient check to Plaintiff Rosen. The Court directs Plaintiff to submit proper payment, as specified above, within 30 days of the date of this order. No summons shall issue at this time. If Plaintiff Rosen complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed without prejudice to his refiling it.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   August 18, 2022
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge