UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAMUEL D. ROSEN, Grantor; TRUSTEE OF THE SAMUEL D. ROSEN, 2006 TRUST, <br><br> Plaintiffs, <br><br> -against- <br><br> THE STATE OF FLORIDA; THE HONORABLE CHARLES R. CANADY; HONORABLE KEVIN EMAS; HONORABLE JEFFREY LEVENSON, <br><br> Defendants. | 22-CV-6938 (LTS) <br><br> ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is an attorney, brings this action on his own behalf and on behalf of a "spendthrift trust" for which he is one of two trustees.[1] He sues the State of Florida and three judges of the Florida state courts, invoking 42 U.S.C. §§ 1983 and 1985. Plaintiff alleges that defendants have conspired to deprive him of his constitutional due process rights.

On August 25, 2022, Plaintiff submitted a "corrected" complaint, which was docketed as an amended complaint (ECF 3). Plaintiff also filed an application seeking "emergency relief." (ECF 4-5.)[2] On September 14, 2022, Plaintiff filed a supplemental affirmation in support of his request for emergency relief. The Court dismisses the amended complaint for the reasons set forth below.

---

[1] Because it is not clear that Plaintiff can represent the Trust, the Court refers to Samuel Rosen as "Plaintiff" in this matter.

[2] This action could not proceed until Plaintiff paid the filing fee, which he did on September 8, 2022.

**STANDARD OF REVIEW**

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999), or determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)). A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); s*ee also Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

**BACKGROUND**

The following information is from Plaintiff Samuel Rosen's amended complaint and his application for "emergency relief." Beginning in 2017, Plaintiff brought four suits in the Miami Judicial Circuit against owners of condominium units at the Tiffany of Bal Harbour Condominium Association (Tiffany) in Florida, where he also resides. (ECF 4-2 at 2.) Tiffany's insurer, Seneca Insurance Company, hired Geralyn Passaro as counsel to defend the unit owners. (*Id.* at 4.) Plaintiff "lost every single case" and contends that "[e]ach of the dismissals was a travesty." (*Id.* at 2-3.) The Third District Court of Appeal affirmed the dismissals.

On May 24, 2018, the President of Tiffany's Board of Directors called a special meeting, without providing proper notice, resulting in approval of a construction project requiring a special assessment. (*Id.* at 3-4.) Tiffany's Board refused to allow owners to view the proxy ballots. In 2018, Tiffany filed suit against Rosen seeking to enjoin him, among other things, from

filing further suits. *The Tiffany of Bal Harbour Condominium Assoc., Inc. v. Rosen*, No. 2018-021414-CA-01. Rosen answered and filed a counterclaim attacking the validity of the May 24, 2018 meeting. (*Id.* at 4.)

In August 2020, Chief Justice Charles T. Canady of the Supreme Court of Florida appointed Judge Levenson, of the Fort Lauderdale trial court, as an "acting circuit judge" of the Miami court and assigned to him the Tiffany-Rosen suit and eight other related suits involving Rosen. (ECF 3 at 28-29.)

At some point, Rosen filed a motion in Tiffany's 2018 suit against him in which he argued that, as reflected in the meeting minutes of the Tiffany Board of Directors, Tiffany had never authorized attorney Passaro to bring suit against Rosen. He asserted that Passaro had committed perjury in saying that Tiffany had granted authorization. Judge Levenson refused to hold a hearing on Rosen's motion until he paid the fees he owed for numerous appeals to the Third District Court of Appeal.[3] (ECF 4-2 at 5.) Prosecutors in Miami-Dade County, Florida, and elsewhere refused Rosen's attempts to prosecute Passaro for perjury. (*Id.* at 6.) A panel of judges on the Third District Court of Appeal, including Judge Emas, who is named as a defendant in this action, denied Rosen's motion for sanctions against attorney Passaro. (ECF 4-4 at 2.)

In March 2021, Judge Levenson issued an order declaring Rosen a vexatious litigant. (ECF 4-3 at 9.) At various times, Rosen sought to disqualify Judge Levenson from presiding over the 2018 action. On July 9, 2021, Judge Levenson issued a final order and judgment permanently enjoining Rosen and his Trust from certain conduct, including harassment of staff

---

[3] Plaintiff alleges that "in 38 appearances before the [Third] DCA in the Rosen-Tiffany litigation, Rosen still bats zero." (ECF 4-2 at 8.)

3

and members of Tiffany, and from filing suit against Tiffany "without representation by legal counsel." (ECF 3 at 25.)

Plaintiff alleges that his Trust is registered in New York and includes a choice of law provision "specifying New York law." (*Id.* at 1.) The other co-trustee, who is not a party to this action, resides "in New York City and Westchester County." (*Id.*) Plaintiff contends that the State of Florida runs "print and broadcast ads directed at residents of New York to induce them to move to Florida." (*Id.* at 2.)

Plaintiff brings this suit against the State of Florida, and Judges Levenson, Canady, and Emas. He asserts claims under Sections 1983 and 1985, and seeks compensatory and punitive damages, a declaration that the Florida Rules of Judicial Administration are unlawful, and an injunction to prevent their future application.

## DISCUSSION

### A.     Venue and Representation of Trust

Plaintiff is an attorney, but he provides conflicting information about whether he is currently licensed to practice in New York.[4] As a result, it is unclear if he can represent the Trust in this action. Under 28 U.S.C. § 1654, individuals may represent themselves in federal court but a non-attorney cannot represent another person or any artificial entity. *Lattanzio v. COMTA*, 481 F.3d 137, 139-40 (2d Cir. 2007). As an artificial entity, a trust cannot appear *pro se* in federal court. *See, e.g., Bell v. S. Bay Eur. Corp.*, 486 F. Supp. 2d 257, 259 (S.D.N.Y. 2007) (holding that "[a] trust is deemed an artificial entity for the purposes of the rule barring a nonlawyer trustee from representing the interests of the trust").

---

[4] He alleges that he was admitted to the bar of the State of New York in 1969 and "remains a member in good standing" (ECF 3 at 2) but also notes in a letter to the Court that he doesn't "believe [he] qualif[ies] as 'active.'" (ECF 7 at 1.)

Plaintiff implies that venue of his claims against the State of Florida and three Florida judges is proper in this Court because his trust includes a choice-of-law provision providing for New York law. (ECF 3 at 1.) Even if Plaintiff could represent the Trust, and it could proceed as a party in this action, these allegations are insufficient to establish that venue is proper in this district. The general venue provision, 28 U.S.C. § 1391(b), applies to this matter, in which Plaintiff asserts claims under Sections 1983 and 1985. Under the general venue provision, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Venue is not proper in this district under Section 1391(b)(1) because Defendants State of Florida and the three Florida judges do not all reside in this district. In addition, Plaintiff's allegations show that none of the "events or omissions giving rise to the claim occurred" in this district, as is required for venue to be proper under 28 U.S.C. § 1391(b)(2). Plaintiff sues three judges on the Florida state courts for their judicial acts in his cases pending in Florida. His claims against the judges for their judicial acts are unrelated to his trust and its New York choice-of-law provision. This is unlike those situations where a forum selection clause in an agreement between the parties governs disputes between them. Thus, because the events giving rise to Plaintiff's claims took place in Florida, venue under Section 1391(b) (2) does not lie in this district. Finally, venue is not proper under Section 1391(b)(3) because venue would lie in a judicial district in Florida, where the claims arose, under Section 1391(b)(2).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Here, it would not be in the interest of justice to transfer this action. Instead, the Court dismisses this action because all defendants are immune from suit, and this action is frivolous, as explained below.

**B.      Claims against the State of Florida**

The Eleventh Amendment bars Plaintiff's claims in federal court against the State of Florida. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*.

Congress did not abrogate the states' immunity in enacting Sections 1983 or 1985. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977) (addressing Section 1983); *Jones v. Nat'l Comm'cn & Surveillance Networks*, 409 F. Supp. 2d 456, 467 (S.D.N.Y. 2006) ("Sections 1981 to 1986 of Title 42 . . . do not constitute a congressional waiver of state immunity."), *aff'd*, 266 F. App'x 31 (2d Cir. 2008) (summary order). The State of Florida also has not waived its Eleventh Amendment immunity to suit in federal court. *See, e.g., Schopler v. Bliss*, 903 F.2d 1373, 1379 (11th Cir. 1990) ("[S]ubsection 768.28(16) declares the legislature's intention that Florida statutes not be construed to waive Eleventh Amendment immunity unless they explicitly waive immunity from suit in federal court"). The Eleventh Amendment therefore bars Plaintiff's Section 1983 and 1985 claims against the State of Florida from proceeding in federal court, and these claims are dismissed based on that immunity.

C.       **Claims against Judicial Officers**

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). In addition, section 1983, as amended in 1996, provides that, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when the judge takes action "outside" his judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in the absence of jurisdiction." *Mireles,* 502 U.S. at 13; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

Plaintiff fails to allege any facts showing that Defendants Levenson, Emas, and Canady acted beyond the scope of their judicial responsibilities or outside of their jurisdiction. *See Mireles*, 509 U.S. at 11-12. Because Plaintiff sues Defendants for "acts arising out of, or related to, individual cases before [them]," they are immune from suit for such claims. *Bliven*, 579 F.3d at 210. The Court therefore dismisses Plaintiff's claims against Defendants Levenson, Emas, and Canady based on judicial immunity and as frivolous. *See Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'") (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989))). *Mills v.*

7

*Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous'. . . .").

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). As an attorney, Plaintiff is not entitled to the special solicitude granted to *pro se* litigants. *See Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010) ("[A] lawyer representing himself ordinarily receives no such solicitude at all."). Moreover, the defects in Plaintiff's complaint cannot be cured with an amendment. The Court therefore declines to grant Plaintiff leave to amend his complaint.

**D.     Warning**

Plaintiff is or should have been aware that his claims in this action were frivolous and vexatious. *See Sledge v. Kooi*, 564 F.3d 105, 109-10 (2d Cir. 2009) (discussing circumstances where litigant may be charged with knowledge of particular legal requirements). Plaintiff is warned that should he file another complaint that is determined to be duplicative, frivolous, vexatious, or otherwise lacking in merit, the Court will order him to show cause why he should not be barred under Section 1651 from filing new actions without prior permission from the Court.

## CONCLUSION

Plaintiff's complaint is dismissed based on judicial and Eleventh Amendment immunity and as frivolous.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

      The Clerk of Court is directed to enter judgment.

SO ORDERED.

Dated:   September 19, 2022
             New York, New York

                                                   /s/ Laura Taylor Swain
                                                    LAURA TAYLOR SWAIN
                                                    Chief United States District Judge